ORIGINAL

SEAN T. O'BRYAN (State Bar No. 116065)
Attorney at Law
701 "B" Street, Suite 1000
San Diego, California 92101-8103
Telephone No. (619) 231-3479
Facsimile No. (619) 231-0559

Attorney for Plaintiff

FILED
2008 JUL -8  AM 10: 26
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SYLVIA M. ORTIZ,

              Plaintiff,

v.

SODEXO, INC., a Delaware Corporation,

              Defendant.

Case No. 08 CV 1215 IEG JMA

COMPLAINT FOR DAMAGES;
DEMAND FOR A JURY TRIAL

**FIRST CLAIM**
(Violation of statutory duties under California Government Code §12940 et seq.)

1. Plaintiff SYLVIA M. ORTIZ, is a citizen of the United States and California and a resident of San Diego, County, CA. She is a female.

2. Defendant SODEXO, INC. (aka "SODEXHO, INC."), is a corporation organized and existing under the laws of Delaware with its principal place of business in Maryland.

3. This court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that the citizenship the Plaintiff is different from the citizenship of the Defendant and Plaintiff claims damages in excess of $75,001. Venue is proper in this district because the events which form the basis of the claim occurred in San Diego County, CA.

4. In August 2007 Plaintiff was a permanent non-managerial employee of the Defendant SODEXO, INC. and had been working for the Defendant in San Diego, County, CA

1  at Sharp Hospital since May 2006. In December 2007 Plaintiff notified her employer in writing
2  that she was cohabiting with a male employee of the Defendant. It was known by the Defendant
3  that Plaintiff was romantically involved with this male employee. The male employee also
4  notified the Defendant in writing that he was cohabiting with Plaintiff. This joint living
5  arrangement was approved by Mr. Franco, the person who was then the manager of department
6  in which Plaintiff and the male employee both worked. At all times herein mentioned Mr. Franco
7  was a managing agent of Defendant SODEXO, INC. and his conduct alleged herein was
8  authorized and ratified by Defendant SODEXO, INC. After Mr. Franco learned that Plaintiff
9  was living with a male co-employee he began treating Plaintiff coldly and adversely and unlike the
10 way he treated her before he gained that knowledge. This included Mr. Franco withdrawing
11 a verbal promise he made to Plaintiff to work to get her hourly rate raised to $17 an hour. Mr.
12 Franco's treatment of Plaintiff was unlike his treatment of other females working under his
13 supervision who were not living with male co-employees. Mr. Franco did not approve of Plaintiff
14 living with the male co-employee because of his religious views which were different from
15 those of the Plaintiff and because of Plaintiff's sex. In or about August 2007, Mr. Franco got
16 a new, higher job with the Defendant but before he left he directed his successor, Mr. Weber, to
17 terminate Plaintiff's employment. Mr. Franco's decision to direct Mr. Weber to
18 terminate Plaintiff's employment was motivated by the fact that because of his religious beliefs,
19 and her sex. Mr. Weber, with the approval of Mr. Franco, who was at the time Mr. Weber's
20 supervisor, carried out the direction to terminate Plaintiff's employment in August 2007.
21 Mr. Weber was at all times herein mentioned a managing agent of the Defendant and the Defendant
22 authorized and ratified his conduct. In terminating Plaintiff's employment and in using
23 Plaintiff's sex and differing religious beliefs as factors in making the decision to terminate
24 Plaintiff's employment the Defendant discriminated against Plaintiff in violation of California
25 Government Code §12940 et seq.
26       5. When he terminated Plaintiff's employment in August 2007, Mr. Weber, in
27 conjunction with other managerial employees of the Defendant including Mr. Franco, falsely
28 informed Plaintiff that she had a conflict of interest because she was living with a co-employee and

1  that this conflict of interest was in violation of Defendant's alleged policy of not employing
2  relatives in the same department. The true facts were that before terminating Plaintiff's employment,
3  Plaintiff's work was fully investigated by the Defendant and it was determined she was doing her
4  job properly and had no conflict interest. The true facts were that Plaintiff was not "related"
5  to the male co-employee with whom she lived as the term "related" was defined in Defendant's
6  policies in effect at the time. Mr. Weber presented Plaintiff with a false ultimatum that she
7  would have to quit her job or be fired or that her then boyfriend would have to quit. The truth was
8  in August 2007 and before August 2007 Defendant allowed actually "related" employees,
9  as that term was defined in Defendant's policies, to work in the same department and that
10 the alleged policy and the alleged conflict of interest were used as pretexts to get rid of
11 Plaintiff as Mr. Franco had directed before he left his position as general manager.  In engaging
12 in this conduct the Defendant intended to cause Plaintiff harm and to oppress Plaintiff
13 and did oppress Plaintiff and harm her. The conduct of Mr. Weber and Mr. Franco and the other
14 employees of the Defendant alleged herein was authorized and ratified by the Defendant and
15 they were acting within the scope of their employment when they engaged in that conduct.
16         6. Plaintiff filed a complaint with the California Department of Fair Employment
17 concerning the sex and religious discrimination she suffered as a result of the Defendant's
18 conduct and on May 14, 2008 received a Notice of Case Closure ("Right to Sue") notice which
19 has been served on the Defendant.
20         7. The conduct of the Defendant alleged herein has legally caused Plaintiff to
21 lose past wages and will legally cause her to lose wages in the future in an amount to be proved
22 and which are in total in excess of $75,001.
23         8. The conduct of the Defendant alleged further legally caused Plaintiff to suffer
24 severe mental and emotional distress including depression, anxiety, frustration and
25 humiliation all to her damage in an amount to be proved and which is in excess of $75,001.
26 Plaintiff is informed and believes and thereon alleges, the conduct of the Defendant
27 alleged herein will cause her to suffer severe emotional distress in the future all to her damage
28 in an amount to be proved.

9. Plaintiff has incurred and will continue to incur in the future attorney's fees and expenses in connection with pursuing her discrimination claims which she claims pursuant to California Government Code §12965 in an amount to be proved.

10. In engaging in the conduct alleged herein the Defendant acted with malice fraud and oppression as those terms are defined in California Civil Code §3294. Pursuant to California Civil Code §3294 Plaintiff claims punitive and exemplary damages against the Defendant in an amount to be proved and which is within in the jurisdiction of this court.

**SECOND CLAIM**
(Violation of statutory duties under the California Labor Code)

11. Plaintiff incorporates paragraphs 1 and 2 of this complaint by this reference.

12. This court has supplemental jurisdiction over this claim in that it is a related California state claim which arises out of the same set of circumstances. Venue is proper in this district because the events which form the basis of the claim occurred in San Diego County, CA.

13. In August 2007 Plaintiff was a permanent employee of Defendant SODEXO, INC. When Defendant SODEXO, INC. terminated Plaintiff's employment in August 2007, Plaintiff had accrued and was owed $952 in vacation pay benefits. The Defendant did not pay Plaintiff these vacation benefits when she was terminated. The Defendant did not pay Plaintiff for over thirty days after they were demanded. This conduct of the Defendant was all in violation of California Labor Code §§201, 202 and 203.

14. The conduct of the Defendant alleged herein legally caused Plaintiff to lose $952 plus interest on that amount until it is paid. In addition to this amount Plaintiff claims waiting time penalties of thirty days of her normal salary pursuant to California Labor Code §203 in the amount of $3,360.

15. In pursuing her claim for vacation pay Plaintiff has incurred, and will continue to incur reasonable attorney's fees and expenses in an amount to be proved and which she claims pursuant to California Labor Code §218.5.

WHEREFORE, Plaintiff prays as follows against the Defendant:

As to the First Claim:

    1. Compensatory damages in excess of $75,001 in an amount to be proved.

    2. For attorney's fees and expenses according to proof;

    3. For punitive and exemplary damages according to proof;

    4. For costs of suit; and

    5. For such other and further relief as the court deems proper.

As to the Second Claim:

    1. Compensatory damages according to proof;

    2. For statutory penalties in the amount $3,360;

    3. For attorney's fees and expenses according to proof;

    4. For costs of suit; and

    5. For such other and further relief as the court deems proper.

Dated: 7/8/08

                                                                          Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in this matter on all claims.

Dated: 7/8/08

                                                                          Attorney for Plaintiff

*JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SYLVIA ORTIZ

**DEFENDANTS**
SODEXO, INC., a Delaware Corporation

(b) County of Residence of First Listed Plaintiff: San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Delaware
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sean T. O'Bryan, 402 West Broadway, Suite 400, San Diego, CA 92101, (619) 595-4801

Attorneys (If Known): '08 CV 1215 IEG JMA

FILED 2008 JUL -8 AM 10:26
SOUTHERN...
BY_____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332

Brief description of cause:
Wrongful termination of employment/discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over 75,001

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7/8/08
SIGNATURE OF ATTORNEY OF RECORD: /Sean T. O'Bryan/

**FOR OFFICE USE ONLY**
RECEIPT # 152707  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE

JAC 7/8/08

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

         #  152707      -  TC
         * * C O P Y * *
           July 08, 2008
             10:26:06


         Civ Fil Non-Pris
  USAO #.: 08CV1215
  Judge..: IRMA E GONZALEZ
  Amount.:              $350.00 CK
  Check#.: BC5521



      Total-->   $350.00


  FROM: SYLVIA ORTIZ
        VS.
        SODEXO, INC
```