STEPHEN J. SCHULTZ, SBN 90187
MARK T. BENNETT, SBN 89061
E-Mail: mbennett@mgfllp.com

**MARKS, GOLIA & FINCH, LLP**
ATTORNEYS AT LAW
3900 HARNEY STREET – FIRST FLOOR
SAN DIEGO, CALIFORNIA 92110-2825
TELEPHONE: (619) 293-7000
FACSIMILE: (619) 293-7362

Attorneys for Defendant Sodexo America, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA M. ORTIZ,<br><br>        Plaintiff,<br><br>v.<br><br>SODEXO, INC., a Delaware corporation,<br><br>        Defendant. | CASE NO:  08 CV 1215 IEG JMA<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES<br><br>Date Filed:  July 8, 2008<br>Trial Date:   None Set |

    Defendant Sodexo America, LLC, which is referred to in the Complaint for Damages ("Complaint") as Sodexo, Inc., ("Sodexo")[1] answers the Complaint and states as follows:

<u>FIRST CLAIM</u>

    Sodexo denies that it has violated its statutory duties under California Code § 12940 *et seq.*

    1.    Upon information and belief, Sodexo admits the allegations contained in paragraph 1 of the Complaint.

*///*

---

[1]    Sodexo America, LLC is a subsidiary of Sodexo, Inc. and is the contracting entity that manages Sodexo's contract at Sharp Grossmont Hospital.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES

CASE NO:  08 CV 1215 IEG JMA

2.     Sodexo America, LLC admits that it is a Delaware single member limited liability company and admits that its principal place of business is in Maryland as alleged in paragraph 2 of the Complaint.

3.     Sodexo denies the allegations contained in paragraph 3 of the Complaint.

4.     Sodexo admits that, in August 2007,  plaintiff was a Sodexo employee working in San Diego County.  Sodexo also admits that the period of plaintiff's employment by Sodexo was from on or about July 31, 2006 until on or about September 7, 2007.  Sodexo admits that plaintiff's employment ended on or about September 7, 2007.  Except as specifically admitted herein, Sodexo denies the allegations contained in paragraph 4 of the Complaint.

5.     Sodexo denies the allegations contained in paragraph 5 of the Complaint.

6.     Upon information and belief, Sodexo admits that plaintiff filed a Complaint for Discrimination with the Department of Fair Employment and Housing and that that case is closed.  Except as specifically admitted, Sodexo denies the allegations contained in paragraph 6 of the Complaint.

7.     Sodexo denies the allegations contained in paragraph 7 of the Complaint.

8.     Sodexo denies the allegations contained in paragraph 8 of the Complaint.

9.     Sodexo is without knowledge or information sufficient to form a belief as to whether plaintiff has incurred and/or will continue to incur attorneys' fees and expenses and on that basis denies those allegations.  Sodexo denies that it has violated the California Government Code and further denies that plaintiff is entitled to recover attorneys' fees and costs from Sodexo.  Except as specifically

2

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES

CASE NO:  08 CV 1215 IEG JMA

admitted, Sodexo denies each and every allegation contained in paragraph 9 of the Complaint.

10.    Sodexo denies the allegations contained in paragraph 10 of the Complaint.

<u>SECOND CLAIM</u>

11.    Sodexo incorporates by reference its responses to paragraphs 1 and 2 of the Complaint by reference.

12.    Sodexo denies the allegations contained in paragraph 12 of the Complaint.

13.    Sodexo admits that plaintiff was employed by Sodexo in August 2007.  Sodexo admits that plaintiff's employment ended on or about September 7, 2007.  Except as specifically admitted, Sodexo denies the allegations contained in paragraph 13 of the Complaint.

14.    Sodexo denies the allegations contained in paragraph 14 of the Complaint.

15.    Sodexo is without sufficient information to admit or deny whether plaintiff has incurred and/or will continue to incur attorneys' fees and expenses. Sodexo denies that it has violated the California Labor Code and further denies that plaintiff is entitled to recover attorneys' fees from Sodexo.  Except as specifically admitted, Sodexo denies the allegations contained in paragraph 15 of the Complaint.

16.    Sodexo denies that plaintiff is entitled to any of the damages or other relief identified on page 5 of her Complaint.

WHEREFORE, Sodexo, having answered the Complaint prays as follows:

///

///

3

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES

CASE NO:  08 CV 1215 IEG JMA

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1    That the Complaint be dismissed with prejudice, that Sodexo be awarded

2  its costs, including reasonable attorneys' fees, and that the Court awards such

3  other and further relief as it deems just and proper.

4                          AFFIRMATIVE DEFENSES

5    Sodexo, without admitting any of the allegations of the Complaint, asserts

6  the following affirmative defenses:

7    1.    Any claim for employee benefits is completely preempted by the

8          Employee Retirement Income Security Act of 1974, 29 U.S.C.

9          § 1001 *et seq.*;

10   2.    Plaintiff fails to state any claim upon which relief can be granted;

11   3.    Plaintiff's claims are barred by the failure to exhaust all state and

12         federal administrative remedies;

13   4.    Plaintiff is estopped by her conduct from receiving any relief against

14         Sodexo;

15   5.    Plaintiff has waived and/or released any right to recovery against

16         Sodexo;

17   6.    Plaintiff's claims are barred by all applicable state and federal

18         statutes of limitations;

19   7.    Plaintiff's claims are barred by laches;

20   8.    Plaintiff's claims are barred because any employment was

21         terminable at-will with or without cause;

22   9.    If it is found that plaintiff was terminated by Sodexo and that

23         plaintiff was not employed at-will, plaintiff's claims are barred on

24         the grounds that any decision was made in good faith based upon

25         good and reasonable cause which was acquired before, during, or

26         after plaintiff's employment;

27

28

4

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR
DAMAGES

CASE NO:  08 CV 1215 IEG JMA

10.     Plaintiff's claims are barred because Sodexo's alleged conduct was privileged, excused, and/or justified;

11.     Plaintiff's claims are barred on the grounds that plaintiff has or had unclean hands;

12.     Plaintiff's claims are barred or reduced by the breach of her statutory obligations and by her misrepresentations;

13.     Plaintiff's claims are barred or reduced by contributory negligence or fault and/or comparative negligence or fault;

14.     Plaintiff's claims are barred by the exclusive remedy under the California Workers' Compensation Act in that her alleged injuries involve compensable injuries which occurred, if at all, when plaintiff was subject to the compensation provisions of the California Workers' Compensation Act;

15.     Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages;

16.     Plaintiff has been paid and/or received all sums and benefits due by virtue of plaintiff's employment;

17.     Plaintiff's claims are barred by the business necessity/job relatedness defense;

18.     Plaintiff's claims are barred by the avoidable consequences doctrine;

19.     Plaintiff's claims are barred because Sodexo did not act willfully.

20.     Plaintiff's claims are barred as plaintiff's gender/religion was not a motivating factor in any employment decisions involving her; and

21.     Defendant reserves the right to amend the Answer to assert additional defenses as the claims of plaintiff become more fully disclosed during the course of the litigation.

5

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1    WHEREFORE, Sodexo, having asserted its affirmative defenses, prays as

2    follows:

3    That the Complaint be dismissed with prejudice, that Sodexo be awarded

4    its costs, including reasonable attorneys' fees, and that the Court award such

5    other and further relief as it deems just and proper.

6    DATED:  July 31, 2008                Respectfully submitted,

7                                          MARKS, GOLIA & FINCH, LLP

8

9                                          By:    /S/ Mark T. Bennett, Esq.
                                                  MARK T. BENNETT
10                                         Attorneys for Defendant
                                           Sodexo America, LLC
11                                         E-Mail:  mbennett@mgfllp.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    860.034/mtb302.bdp

27                                          6

28
_____
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR
DAMAGES
                                   CASE NO:  08 CV 1215 IEG JMA

MARKS, GOLIA &
FINCH, LLP
3900 Harney Street
First Floor
San Diego, CA 92110
(619) 293-7000

1

<u>CERTIFICATE OF SERVICE</u>

2

3        The undersigned hereby certifies that this document has been filed

4    electronically on this 31st of July 2008 and is available for viewing and

5    downloading to the ECF registered counsel of record:

6

<u>Via Electronic Service/ECF</u>:

7

8    Sean T. O'Bryan, Esq.
     Attorney for Sylvia M. Ortiz
9    stohm@sbcglobal.com

10

DATED:  July 31, 2008            MARKS, GOLIA & FINCH, LLP
11

12                                By:    /S/ Mark T. Bennett, Esq.
                                         MARK T. BENNETT
13                                Attorneys for Defendant Sodexo America,
                                  LLC
14                                E-Mail:  mbennett@mgfllp.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR
DAMAGES

CASE NO:  08 CV 1215 IEG JMA